FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUL 30 2025

MITCHELL R. ELFERS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) CRIMINAL NO. CR-25-2902 MIS |
| vs. | ) ) ) |
| **MYRON EDWARD BLAKE JR.,** | ) ) |
| Defendant. | ) ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **MYRON EDWARD BLAKE JR.,** and the defendant's counsel, JESSICA MARTIN:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   e. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging a violation of 18 U.S.C. §§ 113(a)(7) and 1153: Assault of a domestic partner resulting in substantial bodily injury.

## ELEMENTS OF THE OFFENSE

4. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements of 18 U.S.C. §§ 113(a)(7) and 1153, Assault of a domestic partner resulting in substantial bodily injury:

   a. the defendant knowingly assaulted the victim;

   b. at the time of the assault, the defendant and victim were spouses, dating partners, or intimate partners;

   c. the assault resulted in substantial bodily injury;

   d. the defendant or the victim is an Indian; and

   e. the acts occurred within Indian Country.

## SENTENCING

5. The defendant understands that the minimum and maximum penalty the Court can impose as to both counts is:

   a. imprisonment for a period of more than 5 years;

   b. a fine not to exceed $250,000.00;

   c. a mandatory term of supervised release of not more than three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d. a mandatory special penalty assessment of $100.00;

6.　　The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. The defendant further recognizes that while the defendant's attorney may have made a prediction or estimate of the applicable guideline range, the defendant understands that the Court is not bound by any such estimate or prediction.

7.　　The parties are aware that the Court may accept or reject this plea agreement or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

8.　　The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

9.　　Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to

the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

10. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **On or about June 27, 2024, within the District of New Mexico, Otero County and elsewhere and within the exterior boundaries of the Mescalero Apache Reservation, I assaulted my intimate dating partner, Jane Doe, with a dangerous weapon. More specifically, I struck her in the head with a cinder block which caused significant lacerations and bleeding at the location of the strike. I also struck her on or about her body with a 2x6 board. By striking her, I caused substantial bodily injury to Jane Doe. I am an enrolled member of the Mescalero Apache tribe, a federally recognized tribe. I am also aware that Jane Doe is an enrolled member of the Mescalero Apache tribe. At the time of the assault, I recognize that Jane Doe and I were dating partners in an intimate relationship.**

11. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The defendant agrees that the Court may rely on

any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

12. The United States and the defendant stipulate as follows:

    a. The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence within the properly calculated guideline range is the appropriate sentence in this case. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

    b. If the Court accepts the plea agreement, it must inform the defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

13. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

14. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

15. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16. The defendant recognizes that this plea agreement has already conferred a benefit on the defendant. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees not to seek a downward departure or variance from a sentence within the guideline range of imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

17. The defendant will not willfully fail to appear for any court appearance in this matter.

18. The defendant agrees not to engage in conduct that would constitute a new local, state, or federal crime.

19. The defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under USSG § 3C1.1.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

20. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

21. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

22. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

23. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

24. The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time), the United States will be released from its obligations under the agreement.

25. The defendant further agrees that in the event the Court finds that defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

26. Following the Court's finding of a breach of this agreement by the defendant, or rejection or functional rejection of the agreement by the Court, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and such event.

## SPECIAL ASSESSMENT

27. At this time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas

Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

28.  This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this __8th__ day of _____July_____, 2025.

RYAN ELLISON
United States Attorney

*/s/ Silvia Delgado*

SILVIA DELGADO
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

    This agreement has been read to me in the language I understand, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*/s/ Myron Blake*
MYRON EDWARD BLAKE JR.
Defendant

    I am the attorney for MYRON EDWARD BLAKE JR. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*/s/ Jess*
JESSICA MARTIN
Attorney for Defendant